```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT as
Trustees and Fiduciaries of the              MEMORANDUM & ORDER
Local 282 Welfare Trust Fund, the            14-CV-4429(JS)(SIL)
Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund,
the Local 282 Job Training
Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

                        Plaintiffs,

        -against-

EAST BAY CONTRACTING CORP.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:         James Robert Grisi, Esq.
                        Jonathan Michael Bardavid, Esq.
                        Gina Elyse Nicotera, Esq.
                        Trivella & Forte LLP
                        1311 Mamaroneck Avenue, Suite 170
                        White Plains, NY 10605

For Defendant:          No appearances.
```

SEYBERT, District Judge:

      Pending before the Court is Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiff's motion for a default judgment and award damages. (Docket Entry 14.) For the following reasons, the Court ADOPTS Judge Locke's R&R in its entirety.

BACKGROUND

This action was commenced on July 23, 2014 by plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Senior, Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively "Plaintiffs") against defendant East Bay Contracting Corp. ("Defendant").  Plaintiffs seek to recover unpaid benefit contributions and related relief, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 USC § 1001 et. seq.

On December 8, 2014, Plaintiffs moved for a default judgment against Defendant (Docket Entry 8.)  On April 13, 2015, the undersigned referred Plaintiff's motion to Magistrate Judge Locke for a R&R on whether the motion should be granted.  (Docket Entry 13.)

On September 4, 2015, Judge Locke issued his R&R.  (Docket Entry 14.)  The R&R recommends that the Court grant Plaintiffs' motion and award $329,928.78 in damages, plus additional daily damages.  (R&R at 15.)  The R&R further recommends that the Court deny Plaintiffs' requests for $150 in administrative

fees for dishonored checks and for an order requiring East Bay to submit to an audit covering the same time periods. (R&R at 16.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Locke s R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Locke's R&R (Docket Entry 14) is ADOPTED in its entirety. The Court is directed to enter judgment in favor of Plaintiffs and against Defendant in the amount of $329,928.78, plus additional daily damages, broken down as follows:

- Unpaid contributions in the amount of $162,967.92 and underpaid contributions in the amount of $10,881.36;

3

- Interest on unpaid contributions in the amount of $58,505.22 through December 3, 2014, with additional per diem interest of $80.37 from December 4, 2014 through the date of judgment, and interest on underpaid contributions of $14,523.19 through December 3, 2014, with additional per diem interest of $5.36 from December 4, 2014 through the date of judgment;
- Interest owed on late-paid contributions of $892.25;
- Additional damages on unpaid and underpaid contributions of $73,028.41, plus additional daily damages of $85.73 from December 4, 2014 through the date of entry of judgment;
- Audit fees of $350; and

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

- Attorneys' fees of $8,195.00 and costs of $585.43.

In addition, Plaintiffs' requests for $150 in administrative fees for dishonored checks and for an order requiring East Bay to submit to an audit covering the same time periods are DENIED.

The Clerk of the Court is further directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  21 , 2015
         Central Islip, New York

5